J-S59022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

KELVIN OUTLAW

Appellant

:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 3172 EDA 2018

Appeal from the PCRA Order Entered October 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014716-2010

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED DECEMBER 19, 2019**

Appellant Kelvin Outlaw appeals from the order denying his first, timely Post Conviction Relief Act[1] (PCRA) petition.  Appellant contends trial counsel was ineffective for advising him not to testify at trial.  We affirm.

A prior decision from this Court set forth the relevant factual history as follows:

> The instant case involved two criminal episodes in which Appellant was charged with, *inter alia*, improperly identifying himself as a police officer and frisking a citizen, and then, three days later, unlawfully entering a secure area of the 18th Police District in Philadelphia by employing a secure pass code available only to police personnel.  These two incidents took place on September 12, 2009 and September 15, 2009, respectively.
>
> *       *       *

---

[1] 42 Pa.C.S. §§ 9541-9546.

During the incident of September 15, 2009, Appellant was observed by police in the secure area referred to above, resulting in the [b]urglary charge against him. A subsequent search of Appellant's car revealed the presence of several items of police attire, and other police paraphernalia, all of which had been stored in the secure area.

***Commonwealth v. Outlaw***, 2090 EDA 2012, at 1-2 (Pa. Super. filed July 23, 2013) (unpublished mem.) (record citation omitted) (quoting Trial Ct. Op., 11/28/12, at 2).

The PCRA court's opinion set forth the subsequent procedural history of this case as follows:

On June 20, 2012, following a non-jury trial . . ., [Appellant] was convicted of [the charges related to the September 15, 2009 incident, including] one count each of burglary (18 Pa.C.S. § 3502), criminal trespass (18 Pa.C.S. § 3503), attempted theft by unlawful taking (18 Pa.C.S. § 901) and impersonating a public servant (18 Pa.C.S. § 4912).[fn1] That same day, the [trial c]ourt imposed consecutive terms of 3 to 6 years of incarceration for the burglary charge and 1 to 2 years of incarceration for the impersonating a public servant charge, for an aggregate sentence of four to eight years' incarceration. [Appellant] filed a post-sentence motion, which the [trial c]ourt denied on June 26, 2012. [Appellant] was represented at trial and at sentencing by Todd Fiore, Esquire.

[fn1] The case was tried jointly with charges [for the September 12, 2009 incident] set forth at docket number CP-51-0003290-2011. [Appellant] was found not guilty of all charges on that docket. . . .

On July 23, 2013, the Superior Court affirmed [Appellant's] judgment of sentence, and the Supreme Court denied *allocator* on January 15, 2014. [Appellant] then filed a *pro se* petition under the [PCRA] on April 8, 2014. John P. Cotter, Esquire was appointed to represent [Appellant] on December 17, 2014. On November 12, 2015, Mr. Cotter filed an amended PCRA petition . . . raising the sole claim that trial counsel was ineffective in advising [Appellant] to not testify at trial. On May 4, 2017, after

- 2 -

reviewing [Appellant's] amended petition and the Commonwealth's motion to dismiss, [the PCRA c]ourt ruled that the claim set forth in [Appellant's] petition was without merit. On that day, pursuant to Pa.R.Crim.P. 907, [the PCRA c]ourt issued notice of its intent to dismiss the petition without a hearing. . . . On July 13, 2017, [the PCRA c]ourt entered an order dismissing Appellant's amended petition.

[Appellant] subsequently appealed the [PCRA c]ourt's decision to dismiss his amended petition. On June 8, 2018, the Superior Court vacated the dismissal order and remanded the case for an evidentiary hearing in order to give [Appellant] the opportunity to prove that counsel had no reasonable strategy or basis for advising [Appellant] not to testify. Pursuant to that directive, the [PCRA c]ourt held an evidentiary hearing on October 18, 2018. Both [Appellant] and his trial attorney, Todd Fiore, Esquire, testified. That same day, after issuing findings of fact and conclusions of law, the [PCRA c]ourt entered an order again dismissing [Appellant's] amended petition.

PCRA Ct. Op., 12/27/18, at 1-2 (record citations and some capitalization omitted).

Appellant timely filed a notice of appeal and a Pa.R.A.P. 1925(b) concise statement. The trial court filed a responsive opinion on December 27, 2018, concluding that trial counsel provided credible testimony "and established that his advice to [Appellant] that he not testify was completely reasonable." *Id.* at 6.

Appellant now raises one question for this Court's review:

Did the [PCRA] court err in denying Appellant a new trial when Appellant showed that trial defense counsel was ineffective for vitiating Appellant's Constitutional right to testify in his own defense at trial?

Appellant's Brief at 2.

Appellant contends that trial counsel advised him not to testify at trial, and trial counsel's advice "was not reasonable because . . . only [Appellant's] testimony could have established his innocence." *Id.* at 8. Appellant relies on his own PCRA hearing testimony that trial "counsel did not give [Appellant] any reasons for not testifying except for the fact that counsel had some agreement with the Commonwealth that did not appear on the record and did not make sense to [Appellant]." *Id.* Appellant claims that when he pressed trial counsel for a specific reason why he should not testify, trial counsel merely "said he did not think it was a good idea. . . ." *Id.*

Appellant acknowledges trial counsel's PCRA hearing testimony "that he recommended that [Appellant] not testify because of his numerous *crimen falsi* convictions." *Id.* Appellant insists, however, that "[t]hree of these convictions were allowed as evidence against [Appellant] at trial," thereby rendering trial counsel's advice "so unreasonable that it vitiated [Appellant's] knowing and intelligent decision not to testify at trial." *Id.* at 8-9. Based upon the foregoing, Appellant maintains that this Court must grant relief in the form of a new trial. *Id.* at 10.

Our review of the denial of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (quotation marks and citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super.

2014) (citation omitted). We review "the PCRA court's legal conclusions *de novo*." *See Miller*, 102 A.3d at 992 (citation omitted).

We presume that the petitioner's counsel was effective. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). To establish a claim of ineffectiveness, a petitioner "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted).

A petitioner must establish (1) that the underlying claim has arguable merit; (2) that counsel lacked a reasonable basis for his action or inaction; and (3) but for the act or omission in question, the outcome of the proceedings would have been different. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). "A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs." *Id.* (citation omitted).

"The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel." *Commonwealth v. Michaud*, 70 A.3d 862, 869 (Pa. Super. 2013) (citation omitted).

> In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to

vitiate a knowing and intelligent decision to testify on his own behalf.

*Id.* (citation omitted).

Instantly, Appellant and trial counsel both testified at the PCRA hearing regarding the circumstances surrounding Appellant's decision not to testify at trial. Appellant testified that he discussed the matter with trial counsel on multiple occasions, and he always expressed his desire to testify at trial. *See* N.T. PCRA Hr'g, 10/18/18, at 10, 13. One of Appellant's conversations with trial counsel occurred on June 20, 2012, during a recess at trial. *Id.* at 12-13. Appellant described the conversation as follows:

> [PCRA Counsel:] What was the substance of your discussion as far as what you wanted to do?
>
> [Appellant:] Well, I told [trial counsel] that I wanted to testify, and he said, as we explained before trial and we agreed to take a bench trial, the Commonwealth agreed to withdraw or ungrade charges for me to take a bench trial on the assumption of me not taking the stand. And I didn't understand that, he didn't give me an explanation, and we went back out, sat back down at the table.
>
> [PCRA Counsel:] What did he tell you about whether you should testify or not? What was his advice?
>
> [Appellant:] He said it's not a good idea.
>
>     *   *   *
>
> THE COURT: Did you just say that [trial counsel] told you there was an agreement that was unstated, that you would not testify in exchange for charges being dropped?
>
> [Appellant:] Yes. Before trial, [trial counsel] came in the back and he said the Commonwealth agreed to dismiss charges on the burglary case and the robbery case[.]

- 6 -

*Id.* at 13-14. The PCRA judge, who also served as the trial judge, interjected again, emphasizing that no one had informed him about an agreement to withdraw certain charges in exchange for Appellant's decision to proceed to a bench trial and not to testify. *Id.* at 14-15.

Following Appellant's testimony, trial counsel denied the existence of any agreement with the Commonwealth. *Id.* at 37. Nevertheless, trial counsel confirmed that he had advised Appellant not to testify at trial. *Id.* at 34. Trial counsel testified regarding the basis for his advice as follows:

> [Trial Counsel:] Well, there were two reasons why I didn't think it was in his best interest to testify. The first was, there was a litany of *crimen falsi* cases, convictions that were not coming in as other acts. There were cases that were coming in as other acts because of the nature of the charges.[2] But there were other cases, particularly several cases from Delaware County, that were *crimen falsi* convictions, that I did not want His Honor to know about during the trial, absolutely.
>
> [PCRA Counsel:] Any other reason that you didn't want him to testify?
>
> [Trial Counsel:] Yes, yes, absolutely. I was convinced, and I believe His Honor was as well, that my client was not guilty of the second case [relating to the separate incident on September 12, 2009].
>
> \*    \*    \*
>
> And even with the alibi witnesses, the victim in that case pointed out my client and said he was the person that victimized her. So

---

[2] "During pretrial motions, the Commonwealth identified sixteen incidents during which Appellant impersonated a police officer; three were in person and thirteen were on the telephone. At trial, the Commonwealth proffered testimony detailing the three in-person impersonations." *Outlaw*, 2090 EDA 2012, at 5-6 (record citation omitted).

even with alibi witnesses, it's never a guarantee. And I didn't want to open my client up to cross-examination on that case because that case involved a sexual component and a robbery, and if my client would have been found guilty of that case, he would have probably still been reporting as a sex offender.

And with all of those other *crimen falsi* cases that were not coming in, if he would have testified and His Honor didn't believe him, then I feel, I felt that there was a possibility that His Honor could have, even with alibi witnesses, could have found my client guilty based on credibility and based on the prior *crimen falsi* convictions.

*Id.* at 34-35.

When asked about whether he provided Appellant with a detailed explanation about the reasons why he should not testify, trial counsel stated:

I don't have a specific recollection. I probably had over ten thousand cases in my career. And since then, I probably tried thousands. But I was well-trained as a former public defender, and I would have never not told my client why I didn't want him to testify. I don't believe I've ever not explained my reasoning for that since it's an absolute right. I would have definitely explained to him that I didn't want him to open himself up for those other cases.

*Id.* at 35-36.

Significantly, the PCRA court found trial counsel presented credible testimony to establish that his advice to Appellant was reasonable. *See* PCRA Ct. Op. at 6. We are bound by the PCRA court's credibility determinations. *See Commonwealth v. Montalvo*, 205 A.3d 274, 290 (Pa. 2019) (stating "that a PCRA court's credibility findings are to be afforded great deference and where, as here, they are supported by the record, such determinations are binding on an appellate court"). On this record, Appellant failed to establish that trial counsel was ineffective in his counseling of Appellant on his right to

testify.  **See Miller**, 102 A.3d at 992; **Michaud**, 70 A.3d at 869.  Accordingly,

Appellant is not entitled to relief.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/19